ISAAC HUSKEY, Adm'r, *v.* R. LANNING *et als.*

ADMINISTRATOR. *Action in forma pauperis by.* An oath taken by an administrator that he is unable to bear the expenses of the suit, etc., is equivalent to an oath of want of sufficient assets in his hands to enable him to bear the expenses of the suit, and such an oath may be considered as sufficient to fulfill the requirement intimated, but not expressly decided to be necessary, in 3 Sneed, 206, that the administrator shall swear that personally as well as in his representative capacity he is unable to bear the expenses of the suit.

Cases cited: Andrews *v.* Page, 2 Heis., 634; McCoy *v.* Broderick, 3 Sneed, 206.

FROM SEVIER.

Appeal from the Chancery Court.

JOHN BAXTER for Lanning.

No counsel marked for Huskey.

DEADERICK, J., delivered the opinion of the court.

A motion is made in this case to dismiss the appeal for want of a bond for prosecution of the appeal.

At the April term, 1874, of the Chancery Court of Sevier county, a decree was rendered in the cause by the chancellor from which complainant prayed an appeal to this court, and by the terms of the decree two months were allowed complainant to give bond or take oath prescribed for poor persons. On the

18th of May thereafter complainant took the oath before the clerk and master.

The exceptions taken are that the estate is solvent, and that time was given after the expiration of the term to take the oath. It does not appear that complainant, at the time of the taking of the oath, was able to give security, nor what assets, if any, of said estate, were in his hands outside of the matters in controversy in this suit. Whatever of assets were in his hands would be liable for costs, adjudged against him as administrator, and could be so applied by him.

It is intimated, though not decided, in 3 Sneed, 206, that an administrator, to be entitled to bring an action *in forma pauperis,* must aver that he, in consequence of his poverty, is not able to bear the expenses of the suit or appeal—that the exemption is a personal privilege. It is decided in that case that an affidavit that the estate was insolvent is not sufficient. It is further intimated that such an averment might be necessary in addition to the averment of poverty of the administrator.

The oath being taken by the administrator is equivalent to an oath of want of sufficient assets in his hands to enable him to bear the expenses of the suit. And such an oath may be considered as sufficient to fulfill the requirement that the administrator shall swear that personally as well as in his representative capacity he is unable to bear the expenses, etc. As to the other ground of exception it was expressly held in 2 Heis., 634, upon a motion to dismiss, that where the order of the chancellor grants

time within which to take the oath, it may, within the prescribed time, after the term has expired, be administered by the clerk and master.

The motion to dismiss will be disallowed.